21b 245
158a 247

JOHN LUCAS, in his own right and as adm'r &c. of Maria Lucas deceased, *vs.* THE NEW YORK CENTRAL RAIL ROAD COMPANY.

A plaintiff cannot include in the same action, claims in his individual right, and as administrator of another.

Where a complaint alleges that the plaintiff's wife was killed instantly, by the careless act of the defendants, the complaint is substantially defective. This allegation will not give the plaintiff an action for the loss of his wife's services.

The act of December 13, 1847, providing for compensation for causing death by wrongful act, neglect or default, limits the damages to be recovered to a just and fair compensasion, with respect to the pecuniary injury resulting to the wife and next of kin of the deceased. If there is neither wife nor next of kin, there can be no such pecuniary damages to be recovered, as the act contemplates.

Accordingly, where, in an action against a rail road company, for negligence, in running their cars and neglecting to ring their bell or sound their whistle, while crossing a highway, by means whereof the plaintiff's wife, who was then lawfully traveling upon said highway, was instantly killed, without any fault or negligence on her part, the complaint alleged that the plaintiff's wife died intestate, and that letters of administration upon her estate had been issued to the plaintiff, but it in no way appeared that the deceased left any next of kin ; *it was held* that the action would not lie.

Whether an action will lie, under the act of December 13, 1847, for the death of a wife, in any case ? *Quære.*

APPEAL from a judgment entered at a special term, overruling a demurrer to the complaint. The complaint contained two counts or causes of action against the defendants for negligence in running their cars, and neglecting to ring their bell or sound their whistle while crossing a highway in Farmington, Ontario county, in May, 1852, as required by statute, by means whereof, the plaintiff's wife, Maria Lucas, who was then lawfully traveling upon said highway, and without any fault or negligence on her part, or on the part of the person driving the team, wherein she was traveling, was instantly killed. One count was in the plaintiff's own right for the loss of the services of his wife, and the other as her administrator, pursuant to statute. The defendants demurred to the whole complaint, stating various causes of demurrer, and among them, those upon which the case is now decided.

*T. Hastings,* for the appellant.

*Geo. Underwood,* for the respondent.

*By the Court,* WELLES, J.  The judgment appealed from in this case should be affirmed : 1. The causes of action in the two counts of the complaint, are improperly joined.  It cannot be regular for a plaintiff to include in the same action, claims in his individual right, and as administrator of another.  It was never allowable at common law, and is not sanctioned or allowed by any statute, not even the code.  Section 167, in providing what causes may be joined in the same action, clearly contemplates, in the several cases stated, that the plaintiff, in either case, sues in his individual character and in his own right, or, *en auter droit ;* not in both.

2. The first count, standing alone, is substantially defective.  It proceeds for an injury, *per quod servitium amisit.*  The count shows that the plaintiff's wife was killed instantly, by the careless act of the defendants ; and that is the only act complained of.  This cannot give the plaintiff an action for the loss of her services.  Death following instantly upon the act complained of, there was no time during her life, when it could be said that the husband had lost the services of his wife in consequence of the injury complained of.  (*Cary* v. *Berkshire R. R. Co., and Skinner* v. *Housatonic R. R. Corporation,* 1 *Cush.* 475 ; *Baker* v. *Bolton,* 1 *Camp.* 493.)

3. The second count is framed upon and intended to be in pursuance of the statute of December 13, 1847, entitled " an act requiring compensation for causing death by wrongful act, neglect or default."  (*Laws of* 1847, *ch.* 450, *p.* 575.)  It is for negligence on the part of the defendants, in running their cars and neglecting to ring their bell or sound their whistle, while crossing a highway in Farmington, Ontario county, on the 1st of May, 1852, as required by statute, by means whereof the plaintiff's wife, Maria Lucas, who was then lawfully traveling upon said highway, and without any fault or negligence on her part, was instantly killed.  The count alleges that the said

Frost *v.* Benedict.

Maria died intestate, and that letters of administration have since been issued by the surrogate of Wayne county, upon her estate, to the plaintiff; and the count in question is in his favor as her administrator. It nowhere alleges, nor does it in any way appear that the deceased left any next of kin. The husband is not next of kin to the wife, nor she to him. The act referred to limits, in express terms, the damages to be recovered to a just and fair compensation with respect to the pecuniary injury resulting to the wife and next of kin of the deceased. If there is neither wife or next of kin, there can be no such pecuniary damages to be recovered, as the act contemplates. We are not called upon to decide whether the action will lie, under the act, for the death of a wife, in any case. As the foregoing views dispose of the whole case, it is unnecessary to protract the examination.

The judgment of the special term, for the foregoing reasons, is affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, December 3, 1855. *Johnson, T. R. Strong* and *Welles*, Justices.]