NEW-YORK PRACTICE REPORTS. 263

Green agt. The Hudson River R. R. Co.

## SUPREME COURT.

CHARLES H. GREEN, Adm'r, &c. of ELIZA GREEN, deceased,
agt. THE HUDSON RIVER RAILROAD COMPANY

An action instituted under the statutes of 1847 and 1849, requiring compensation
for causing the death of any person by wrongful act, neglect or default, may
be sustained by the plaintiff as *administrator of his deceased wife*, for the loss
of her life, where the mother of the deceased is the next of kin.

In this case, the complaint, after setting forth the facts of the case, averring the
negligence and the instantaneous death caused thereby, alleged that the
mother of the deceased, and her next of kin, suffered loss and damage thereby;
and averred specially that she was aged and infirm, and dependent upon the
deceased for her support, and that by the shock, and the mental distress ensu-
ing, her health had been impaired, and she had become incapable of maintain-
ing herself. (*Several cases reported and unreported arising under these statutes
considered.*)

*Oneida Special Term, June,* 1858.
DEMURRER to complaint.[1]

[1] *Complaint.*—The plaintiff complains of the defendant, and for a cause of
action avers, that on the ninth day of January, 1858, the plaintiff was duly
appointed administrator of all and singular of the estate, goods, property, effects
and credits of the above-mentioned Eliza Green, his wife; and the plaintiff then
and there accepted and took upon himself the duties of said trust, and received
letters of administration pursuant to said appointment; that the defendant is and
was, at the days and times hereinafter mentioned, a corporation or company
formed for the purpose of constructing, maintaining and operating a railroad for
public use, in the conveyance of persons and property between the city of New-
York and the city of Albany, duly organized under the laws of the state of New-
York; that on or about the ninth day of January, 1856, Eliza Green deceased,
then being the wife of the plaintiff, the defendant, the Hudson River Railroad
Company, the consideration that Eliza Green aforesaid would take and engage a
seat in the car or coach of the defendant, to be conveyed and carried in and by
the defendant's car or coach and locomotive engine, from Albany aforesaid to
New-York aforesaid, at and for a reasonable hire and reward, and the usual rate
of fair, to wit: the sum of three dollars to be therefor paid in that behalf, *un-
dertook and faithfully promised to carry and convey* the said Eliza in and by the
said coach or car, from Albany to New-York aforesaid, and the said Eliza relying
and confiding on said promise or undertaking of the defendant, did afterwards, on
the day and year aforesaid, *take and engage a seat* in the car or coach aforesaid, to

be carried as aforesaid, from the city of Albany to the city of New-York; and the defendant was then and there *paid the usual rate of fair, to wit: the sum of three dollars,* the same being a reasonable hire or reward to the defendant for the hire and conveyance of the said Eliza aforesaid; and that the said Eliza did on the day aforesaid, become a passenger upon, and was a passenger in said car, to be carried as aforesaid from Albany to New-York; that the said defendant and its agents, *not regarding the undertaking so made as aforesaid, did not use due and proper skill, and care and diligence* in and about carrying and conveying the said Eliza from Albany to New-York aforesaid, but then and there *wholly neglected and refused so to do,* and on the contrary thereof, the said defendant and its officers and agents so carelessly, improperly and negligently conducted itself in the premises whilst the said car was proceeding from Albany to New-York aforesaid, that through the mere carelessness, unskilfulness and misconduct of the defendant, its officers and agents in and about the conducting and management of the road, cars and locomotives of the defendant, the said car was overtaken, ran into and struck by a locomotive engine and train of cars of the defendant, proceeding from Poughkeepsie to New-York aforesaid, by means of which collision the said Eliza Green was then and there killed, whereby Margaret Ford, the mother of the said Eliza, and the next of kin of the said Eliza Green, suffered great pecuniary loss and damage to a large amount, to wit: in the sum of five thousand dollars; that the said Margaret Ford is and was at the time aforesaid, old and poor, and was wholly dependent upon the said Eliza for support, and unable to maintain herself; that the said Eliza was of sufficient ability, and did contribute to and relieve, maintain and wholly support the said Margaret Ford, during the lifetime of the said Eliza. And he further saith, that by reason of the premises, and the mental distress and grief occasioned thereby, the constitution of the said Margaret Ford has been greatly impaired, and her bodily health and strength destroyed by the killing of her said daughter aforesaid, and by reason thereof, the said Margaret became and is unable to labor, and has sustained great pecuniary loss and damage thereby; and he further saith he has been obliged to pay out, and is liable for large sums of money as administrator as aforesaid, of the estate of the said Eliza, amounting in the whole to the sum of two hundred and fifty dollars, in and about conveying the body of the said Eliza to Utica, her place of residence, and in and about her necessary funeral expenses; and he further saith, that at and by reason of the collision aforesaid, divers jewelry, furs, wearing apparel, *upon the person and in the possession of the said Eliza,* were injured, lost and destroyed, which was of the value, and for which he claims damages as administrator as aforesaid, in the sum of two hundred dollars.

Wherefore the plaintiff demands judgment against the defendant, in the sum of five thousand dollars, besides the costs of this action.

*Demurrer.*—The defendants demur to the complaint of the plaintiff, and specify as grounds of objection thereto:

1st. That the plaintiff has not legal capacity to sue.  2d. That several causes of action have been improperly united, and are not separately stated.  3. That the complaint does not state facts sufficient to constitute a cause of action.

II. And the defendants further demur to the alleged cause of action which, in the said complaint, is stated in the words following:

"That on or about the ninth day of January, 1856, Eliza Green, deceased, then being the wife of the plaintiff, the defendant, the Hudson River Railroad Company, in consideration that Eliza Green aforesaid, would take and engage a seat in the car or coach of the defendant, to be carried and conveyed in and by the defendant's car or coach and locomotive engine, from Albany aforesaid to New-York aforesaid, at and for a reasonable hire and reward, and the usual rate of fare, to wit: the sum of three dollars to be therefor paid in that behalf, undertook and faithfully promised to carry and convey the said Eliza, in and by the said coach or car from Albany to New-York aforesaid, and the said Eliza relying and confiding on said promise or undertaking of the defendant, did afterwards, on the day and year aforesaid, take and engage a seat in the car or coach aforesaid, to be carried as aforesaid, from the city of Albany to the city of New-York, and the defendant was then and there paid the usual rate of fare, to wit: the sum of three dollars, the same being a reasonable hire or reward to the defendant for the hire and conveyance of the said Eliza aforesaid, and that the said Eliza did, on the day aforesaid, become a passenger on, and was a passenger in said car, to be carried as aforesaid, from Albany to New-York; that the said defendant and its agents, not regarding the undertaking so made as aforesaid, did not use due and proper skill, and care and diligence in and about carrying and conveying the said Eliza from Albany to New-York aforesaid, but then and there wholly neglected and refused so to do."

And they specify as ground of objection thereto:

1st. That the same does not state facts sufficient to constitute a cause of action. 2d. It is improperly united with another cause of action.

III. And the said defendants further demur to the alleged cause of action, which, in the said complaint, is stated in the words following:

"The said defendant and its officers and agents, so carelessly, improperly and negligently conducted itself in the premises, whilst the said car was proceeding from Albany to New-York aforesaid, that through the mere carelessness, unskilfulness and misconduct of the defendant, its officers and agents in and about the conducting and management of the road, cars and locomotives of the defendant, the said car was overtaken, run into and struck by a locomotive engine, and train of cars of the defendant, proceeding from Poughkeepsie to New-York aforesaid, by means of which collision the said Eliza Green was then and there killed, whereby Margaret Ford, the mother of the said Eliza, and next of kin of the said Eliza Green, suffered great pecuniary loss and damage to a large amount to wit: in the sum of five thousand dollars; that the said Margaret Ford is and was, at the time aforesaid, old and poor, and was wholly dependent upon the said Eliza for support, and unable to maintain herself; that the said Eliza was of sufficient ability, and did contribute to relieve, maintain and wholly support the said Margaret Ford, during the lifetime of the said Eliza."

And they specify as grounds of objection thereto, that the same does not state facts sufficient to constitute a cause of action.

M. S. MILLER, *for plaintiff.*
T. M. NORTH, *for defendant.*

BACON, Justice.   This action is brought by the plaintiff, as administrator of his deceased wife, to recover damages for the loss of her life, which occurred instantaneously by the collision of the cars on the defendant's road, she being a passenger therein at the time.   The action is instituted under the statute of this state, requiring compensation for causing the death of any person by wrongful act, neglect or default.   The complaint sets forth the facts of the case, averring the negligence, and the death caused thereby, and then alleges that Margaret Ford, the mother of the deceased, and her next of kin, suffered loss and damage thereby, and avers specially that she was aged and infirm, and dependent upon the deceased for her

IV. And the said defendants further demur to the alleged cause of action which in the said complaint is stated in the words following:

" That by reason of the premises, and the mental distress and grief occasioned thereby, the constitution of the said Margaret Ford has been greatly impaired, and her bodily health and strength destroyed by the killing of her said daughter aforesaid, and by reason thereof the said Margaret became, and is unable to labor, and has sustained great pecuniary loss and damage thereby."

And they specify as grounds of objection thereto, that the same does not state facts sufficient to constitute a cause of action.

V. And the said defendants further demur to the alleged cause of action, which, in the said complaint, is stated in the words following:

" And he further saith he has been obliged to lay out, and is liable for large sums of money, as administrator as aforesaid, of the estate of the said Eliza, amounting in the whole to the sum of $250, in and about conveying the body of the said Eliza to Utica, her place of residence, and in and about her necessary funeral expenses."

And they specify as ground of objection thereto, that the same does not state facts sufficient to constitute a cause of action.

VI. And the said defendants further demur to the alleged cause of action which, in the said complaint, is stated in the words following:

" And he further saith that at and by reason of the collision aforesaid, divers jewelry, furs, wearing apparel, upon the person and in the possession of the said Eliza, were injured, lost and destroyed, which was of the value, and for which he claims damages as administrator as aforesaid, in the sum of two hundred dollars."

And they specify as grounds of objection thereto, that the same does not state facts sufficient to constitute a cause of action.

support, which support was rendered by the deceased; that by the shock and the mental distress ensuing, her health had been impaired, and she has become incapable of maintaining herself.

To this complaint the defendant has interposed a demurrer, which (omitting some special grounds to the form of the complaint) presents the general question, whether sufficient facts are stated to constitute a cause of action.

I shall assume that at common law no right of action whatever exists, or can be maintained by any person, under the circumstances of this case. It is only by virtue of the statute, which was intended to remedy this defect, and reverse the rule of the common law, that this suit can be maintained, and the question then is, is this a case coming within the terms or spirit of the act.

As an original question, I confess my impressions would be strongly against the maintenance of this suit. The intent of the statute being to give a remedy where none existed before; it is obvious to remark that its benefits can only be extended to those who are included within its terms. The first section gives a right of action wherever the party killed would have been entitled to bring a suit for the injury, if death had not ensued. The second section provides that the suit shall be brought in the name of the personal representatives of the deceased person, and that the amount recovered shall be for the exclusive benefit of the *widow and next of kin* of the deceased; and the jury may give such damages, not exceeding five thousand dollars, as they shall deem fair and just, with reference to the pecuniary injuries resulting from such death to the widow and next of kin of such deceased person. The plain and literal interpretation of this statute would seem to require that the party killed must be one who could, in his or her own right and name, maintain a suit if death had not ensued, and also that there must be both widow and next of kin surviving, in order to authorize a recovery, and that some pecuniary injury must be shown to lay a foundation for damages.

All the cases, with the exception of a special term decision of Judge HARRIS, reported in 12 *How.* 323, and a case to which I shall refer hereafter, seem to take for granted the first part of this proposition, or at least they were cases where there could be no doubt on this point, because the party injured was a single person. The case of *Lynch* agt. *Davis*, (12 *How.* 323,) above referred to, was an action brought under the statute by a husband, as administrator of his wife, for alleged malpractice ensuing in her death. Judge HARRIS, among other things, held, that the case was not within the statute, for the reason that the wife, if she had survived, could not have maintained the action, since the suit must either have been in favor of the husband alone, or the husband and wife as joint plaintiffs, and that the case was therefore not within the terms or intent of the statute.

In regard to the other suggested interpretation of the statute, to wit: that there must be both widow and next of kin among whom distribution can take place, in order to ground a right of recovery, several cases have arisen in which the conclusion has been reached, that if there be either a widow, *or* next of kin surviving, the action can be maintained. In the case of *Safford* agt. *Drew*, (3 *Duer*, 627,) the plaintiff was the administrator of his son, who it was alleged had lost his life by the wrongful act of the agent of the defendant, and he described himself simply as the father of the deceased. On demurrer the court held the complaint defective, because it did not aver that the deceased left a widow or next of kin. The statute is minutely examined and commented on by Judge HOFFMAN, and he says the court are of opinion that the act may be so interpreted as to allow an action where there is a widow only, or next of kin only, as well as where both are in existence.

In the case of *Quinn* agt. *Moore*, (15 *N. Y. Rep.* 432,) the party who lost his life, was a child of the age of twelve years, and the action was brought by the administrator for the benefit of the mother, who it was admitted was the sole heir and next of kin to the child; a recovery was had and the judgment was

NEW-YORK PRACTICE REPORTS. **269**

Green agt. The Hudson River R. R. Co.

sustained by the court of appeals. Judge COMSTOCK, in giving the opinion says, that, the only condition on which the right of the administrator to sue under the statute depends, is the common law right of the injured person to maintain an action if he were living, and that it is not required that the person killed should be a husband, father or protector, although the legislature in passing the act were doubtless mainly influenced by the evident justice of compelling the wrongdoer to compensate families dependent, in a greater or less degree, for support, on the life of the deceased.

To the same effect is the case of *Oldfield* agt. *Harlem R. R. Co.*, (4 *Kern*. 310,) in which case the court also held that no special pecuniary injury arising from the death need be averred or proved in order to enable the party to recover damages. *Lucas* agt. *The New - York Central Railroad Company*, (21 *Barb*. 245,) was an action brought by a husband in his own right, and as administrator of his deceased wife, who was instantly killed while on the cars of the defendant's railroad. The complaint was demurred to both on the ground of misjoinder of causes of action, and because there was no averment that the deceased left any next of kin. It was held defective on both grounds, and the court, Mr. Justice WELLES giving the opinion, say, that if there is neither wife or next of kin, there can be no such pecuniary damages recovered as the act contemplates. They waived the other question as one not necessarily presented, to wit: whether an action would lie for the death of a wife under the statute in any case.

At the Madison circuit in March, 1857, the suit of *Lorenzo Dickens, adm'r of Sally Dickens, his wife* agt. *The New - York Central Railroad Company*, was brought to trial, and resulted in a verdict for the plaintiff. It was brought under the statute, and the complaint alleged that the deceased was instantly killed by being run over by defendant's cars, and that the plaintiff *as her husband, and others the next of kin* of the deceased, suffered loss and damage thereby. It was admitted that the deceased left no children or father or mother, but two brothers

and a sister survived her. A motion for a new trial was made at the general term in the sixth district, and after argument the motion was denied, and the recovery sustained. I have been furnished with the opinion delivered by Judge BALCOM, in which the other judges concurred as is stated, on the ground that the decision in *Quinn* v. *Moore*, had settled the question that the plaintiff, as administrator of his wife, could sustain the action. In the opinion of Justice BALCOM, it is held that if the plaintiff's wife had not died, the defendant would have been liable to an action for the damages occasioned by the injury. He does not notice the distinction taken by Judge HARRIS, that an action could not have been maintained by the wife if she had survived, but holds that inasmuch as the defendant would have been liable to an action, if the wife had survived, the condition of the statute is fulfilled, and the right of the administrator to sue is clear. He also holds that the action can be maintained by the personal representatives of the deceased, although such deceased person left no husband or wife, or next of kin surviving, who could ever have any legal claim upon such person if living for services or support.

This decision covers all, and more than is claimed on the part of the plaintiff in this suit, for the averment here is, that the deceased left a mother her next of kin, who was dependent on the deceased for her support, and who, by reason of the death, has not only been deprived of this support, but has sustained other specific damages.

I do not profess to be entirely satisfied with the law as laid down in this case, and I follow it with some hesitation. But highly respecting the source from which it comes, and yielding to it as a decision of a co-terminous district, made at a general term, I think I am bound by its authority.

The result is, that there must be judgment for the plaintiff on the demurrer, with leave to defendant to answer on payment of costs.