## HICKS *vs.* BARRETT.

[ACTION ON ADMINISTRATION BOND AGAINST SURETY.]

1. *Statutory action by administrator to recover damages for death of intestate.* In a statutory action to recover damages for the wrongful act which caused the death of his intestate, (Code, § 1938,) an administrator does not act as the representative of the estate, nor for its benefit; and if he fails in the suit, or recovers less damages than costs, the judgment against him for costs should be *de bonis propriis,* and not *de bonis intestatis;* consequently, the sureties on his administration bond are not liable for his failure to pay such judgment out of the assets of the estate.

2. *Amendment of judgment by correction of clerical misprision.*—When a judgment for costs, against an administrator, is improperly rendered to be levied *de bonis intestatis,* instead of *de bonis propriis,* the error is a mere clerical misprision, which is amendable, and which will be therefore considered as amended.

APPEAL from the Circuit Court of Bibb.
Tried before the Hon. PORTER KING.

THIS action was brought by Walter Barrett, against Isaac M. Hicks, as one of the sureties on the official bond of David Lankford as administrator of Jesse Lankford, deceased; and was commenced on the 15th September, 1859. The complaint set out the condition of the bond, which was in the usual form of an administration bond; and alleged as a breach the failure of the administrator to pay a judgment for costs, which the plaintiff in this action had recovered against him, and which is hereinafter copied. The

defendant pleaded the statute of non-claim, *plene adminis-travit*, and several other special pleas; but it is unnecessary to state the pleadings at length, or the rulings of the court upon them. The suit in which the judgment for costs was rendered was commenced on the 2d February, 1855, and the judgment was rendered on the 12th October, 1858. The complaint in that suit, and the judgment, were in the following words:

"David Lankford, as the administrator of the estate of Jesse Lankford, deceased, plaintiff, claims of the defendant, Walter Barrett, the sum of three thousand dollars, damages, for a wrongful assault and battery by him, the said defendant, unlawfully committed, with force and arms, upon the body of the said Jesse Lankford in his life-time, to-wit, on the 7th day of August, in the year 1854; by means and by reason of which said wrongful act, the death of the said Jesse Lankford was then and there caused. And the said plaintiff avers, that the said Jesse Lankford could have maintained an action against the said defendant for the said wrongful act, had he, the said Jesse Lankford, lived; and the said plaintiff, as administrator aforesaid, further avers, that the yearly income of the said Jesse Lankford in his life-time was of great value, and amounted to a large sum, to-wit, of the value and amount of three thousand dollars."

"This day came the parties, by their attorneys, and thereupon came a jury of good and lawful men, to-wit," &c., "who on their oaths do say, they find the same in favor of the plaintiff, and assess his damages, as such administrator, at the sum of seven dollars. It is therefore considered by the court, that the said plaintiff, as such administrator, recover of the said defendant the said sum of seven dollars, so assessed by the jury as aforesaid, together with the sum of seven dollars of the costs in this behalf expended, for which execution may issue. And it appearing to the satisfaction of the court, that the costs in this behalf expended exceed in amount the sum of seven dollars, it is therefore considered by the court that said Walter Barrett, as such defendant, recover of said David Lankford, as such administrator, of all and singular the goods and chattels, lands and tene-

ments of Jesse Lankford, deceased, in this behalf expended, over and above the said sum of seven dollars, so to be paid by the said Walter Barrett, to be levied of the goods and chattels, lands and tenements of and belonging to the estate of said Jesse Lankford deceased, in the hands of the said David Lankford as such his administrator; for which let an execution," &c.

The court charged the jury, "that the judgment of said circuit court sued on in this case, and the execution issued thereon, with the sheriff's endorsement thereon of 'no property found,' authorized the plaintiff in this action to recover from the defendant any amount of assets, which the other proof in the cause satisfied their minds had come to the hands of David Lankford as administrator, unless the said administrator had legally and properly disposed of said assets; that the defendant was liable to the plaintiff in this action, for whatever amount of assets the administrator had received, and had not legally disposed of before said judgment was rendered." The defendant excepted to this charge, and he here assigns it as error, together with various other rulings of the court which require no particular notice.

JOHN & CHAPMAN, for appellant.
WM. M. BROOKS, *contra*.

A. J. WALKER, C. J.—Section 1938 of the Code does not, in our opinion, contemplate a suit by an administrator as the representative of an estate. It imposes upon the administrator a trust separate and distinct from the administration. The trust is not for the benefit of the estate, but of the widow, children, or next of kin of the deceased. The administrator fills this trust, but he does not do it in the capacity of representative of the estate. It is altogether distinct from the administration, notwithstanding it is filled by the administrator. No judgment for costs, in a suit under that section, could properly be rendered, to be levied *de bonis intestatis;* and the court erred in rendering such a judgment against the administrator of Lankford's estate. This error is amendable, and will be considered as

amended.—*Stuart v. Hood*, 10 Ala. 600 ; *Kennedy v. Young*, 25 Ala. 563 ; *Savage v. Walsh*, 26 Ala. 619. The judgment is properly *de bonis propriis.— Williams v. Hinkle*, 15 Ala. 713. There being no liability on the estate for the costs, the surety on the administration bond is obviously not liable for a failure of the administrator to appropriate the assets to the payment of it.

Reversed and remanded.

Byrd, J., not sitting.