THEODORE M. DAVIS, Receiver, etc., Respondent, *v.* HENRY D. STOVER, impleaded, etc., Appellant.

Where one indebted to an estate in the hands of receiver, executor or trustee, is employed to render necessary services for the benefit and protection of the estate, the value of his services is a proper counter-claim in an action to recover the debt.

(Argued September 30, 1874 ; decided October 6, 1874.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought by plaintiff as receiver of the Ocean National Bank of the city of New York, upon four promissory notes, executed by defendant Brown as maker, and defendant Stover as indorser, held by said bank. Defendant Stover, alone was served. He set up as a counter-claim, a claim for services rendered by him upon the employment of plaintiff as receiver for the benefit of the estate. Upon the trial evidence was given in support of the counter-claim, but upon motion of plaintiff's counsel the same was stricken out. To which defendant's counsel excepted.

*Addison Brown* for the appellant. Plaintiff was authorized to employ help and pay for necessary services for the protection and benefit of the estate. (*Hill* v. *Trustees*, 28

N. Y., 673; 47 id., 366; 17 Barb., 391; *Noyes* v. *Blankman*, 6 N. Y., 569; *Col. Ins. Co.* v. *Stevens*, 37 id., 536; 41 id., 325.) It was a proper counter-claim. (43 N. Y., 419; 48 id., 674.) No objection to the form of the pleadings can be first taken here. (*Waddell* v. *Darling*, 51 N. Y., 327, 333; *Jackson* v. *Van Slyke*, 52 id., 645; *McKnight* v. *Develin*, id., 399.)

*Sutherland D. Smith* for the respondent. Plaintiff had no authority to bind the estate by any such contract as the evidence tended to prove. (13 N. Y. Stat. at Large, 114; *In re Van Allen*, 37 Barb., 225.) The claim is against plaintiff individually, not on the trust funds. (*Bowman* v. *Tallman*, 2 Robt., 385; S. C., 41 N. Y., 619; *Ferrin* v. *Myrick*, 41 id., 315; *Mygatt* v. *Wilcox*, 45 id., 306; *Noyes* v. *Blakeman*, 6 id., 580; *Austin* v. *Munro*, 47 id., 360; *Bloodgood* v. *Sears*, 64 Barb., 71; 2 Williams' Exrs., 1510; *Myer et al.* v. *Cole*, 12 J. R., 349.) The plaintiff is but an agent of the comptroller of the currency. (*Kennedy* v. *Gibson*, 8 Wall., 500.)

RAPALLO, J. It is well established, that a receiver, executor or trustee, has the right to defray, out of the trust fund in his hands, expenses necessary for its protection, and where a debtor to the estate is employed to perform necessary services for its benefit, we see no objection to the trustee or receiver applying to the payment of the expense thus incurred the demand which he, as receiver or trustee, had against the person employed. The same result could be accomplished by paying the party for his services and immediately taking back the money so paid in satisfaction of the debt due to the estate. This would seem an idle ceremony. In either case the true point of inquiry would be the propriety and *bona fides* of the expenditure and the reasonableness of the amount paid.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.