(8 App. Div. 541)

EAMES v. BAGG.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—POWERS OF ASSIGNEE—STIPULATION.
An assignee for benefit of creditors, who was plaintiff in a pending action on a note payable to the assignor, entered into a stipulation with defendant, who had instituted a proceeding in the county court to enforce a claim against the assigned estate, that plaintiff should enter judgment for the amount of the note, but that no execution should be issued until the determination of the defendant's claim against the estate, and that the amount awarded to defendant should be applied on the judgment, is binding on the assignee, and the effect cannot be avoided by the fact that the county judge was absent on the day set for hearing defendant's claim, but the proceeding was not discontinued.

Appeal from Lewis county court.

Action by Galusha P. Eames, as trustee, against E. Merriam Bagg. From an order denying a motion to set aside an order in supplemental proceedings, requiring defendant to appear and be examined before a referee on a judgment in favor of plaintiff, and to set aside the execution issued on such judgment, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Walter Ballou, for appellant.
H. H. Ryel, for respondent.

GREEN, J. Previous to 1891, Alson Wider made a general assignment for the benefit of his creditors to Charles A. Wider, as assignee of the assigned estate. The assignee entered upon the discharge of his duties as such, but died before he had executed his trust, and plaintiff was appointed trustee to execute the provisions of the trust contained in the general assignment. In April, 1894, the defendant, claiming to have performed services relating to the assigned estate, at the request of Charles A. Wider, the former assignee, presented a petition to the county court of Lewis county; and upon said petition a citation was duly issued, requiring this plaintiff to appear before the county court to answer the application made by defendant to have his compensation fixed for the services which he had rendered the former assignee in behalf of and in the interest of the assigned estate. Upon the return day of said citation, the parties appeared, and the proceedings were duly adjourned to May 28, 1894, by consent of the parties. Upon the adjourned day, the parties in that proceeding appeared at the time and place fixed by the adjournment; but the county judge did not attend at such time and place, and, for that reason, no proceedings were had upon said application. While that proceeding was pending, an action was also pending in justice's court, brought by plaintiff against this defendant, to recover the amount of a promissory note made by defendant to the assignor. Issue had been joined, and the trial thereof duly adjourned to June 1, 1894. On such adjourned day, the parties to that suit appeared before the justice, and the following agreement in writing was made between the parties:

"In Justice's Court.

"Galusha P. Eames, as Trustee, etc., versus E. Merriam Bagg.

"Before E. McCarty, Esq., Justice.

"It is hereby stipulated that E. McCarty, justice, may enter judgment in the above-entitled action, in favor of plaintiff, against defendant, for the sums and interest thereon as asked in complaint, with costs, subject to following agreements: (1) That no transcript or execution shall be issued upon said judgment until after the hearing and determination by the Lewis county judge of the application now pending to fix the compensation of E. Merriam Bagg as attorney in general assignment of Alson Wider to Charles A. Wider. (2) That, if so directed by the decision on said application, said compensation and expenses shall be applied on said judgment.

"Dated June 1st, 1894.          G. P. Eames, as Trustee, etc., Plaintiff.
"E. Merriam Bagg, Defendant."

The judgment was thereupon, and upon said stipulation, entered, and such agreement has not been waived or modified in any manner by the defendant, and the same remains in full force and effect.

It is claimed by this defendant that his disbursements and the reasonable compensation for services rendered in behalf of the assigned estate will more than balance the amount of the judgment entered against him in justice's court. On the 22d day of December, 1894, an affidavit and order in proceedings supplementary to execution were served upon defendant. That was the first notice or knowledge had by the defendant that a transcript of that judgment had been filed, or that an execution thereon had been issued.

The defendant has personal property in his possession and belonging to him, not exempt from levy and sale under an execution, in the county of Lewis, from which an execution on such judgment could be collected. The defendant made application to set aside the execution and the order, and plaintiff opposed the same, on the ground that the proceedings before the county judge, mentioned in his agreement with the defendant, Bagg, "had gone down," as there was no appearance on the adjourned day, and no attempt made to revive the proceedings after the judgment was recovered, and on the further ground that the agreement made by the plaintiff as trustee could not bind or charge or affect the assigned estate in his hands, and that the claim of defendant, if any, was against Charles A. Wider personally, and must be collected, if at all, out of his estate. The situation when the agreement was made was this: Defendant had a claim for services and disbursements rendered and paid for the former assignee. The plaintiff, as substituted trustee, held the promissory note of the defendant, made by him to the order of the assignor, and which came into the hands of this trustee of the assigned estate. The defendant instituted proceedings to have the amount of his claim fixed and allowed as a claim against the estate by the county judge. The plaintiff brought an action against defendant, in justice's court, at about the same time, to enforce the promissory note which he held as assignee. The action and the proceedings were pending on May 28, 1894. The proceeding before the county judge had been adjourned to that date, and the action before the justice had been adjourned to the 1st day of June following. The county judge was absent on the 28th day of May, and, consequently, no proceedings were had. If he had been present, the defendant would have been entitled to have his claim passed upon, and that question could have been finally decided and settled before June 1st. By no act of this defendant were the proceedings before the county judge discontinued. No proceedings were had, because the officer before whom they were noticed was absent. This was no fault of the defendant. Those proceedings were not discontinued, and could at any time thereafter have been revived by any party interested therein. Under these circumstances, the parties entered into this written agreement, by which the defendant withdrew his defense, and waived his right to interpose the offset or counterclaim to the extent of his services and disbursements, which were more than sufficient to extinguish the amount of the claim held by the assignee against him. The parties defined the question which was reserved, and prescribed the remedy and the court for obtaining the solution of the question which had been raised. Instead of trying the question in justice's court, they agreed that it should be presented and submitted to the county judge, where proceedings had already been instituted to have the question passed upon. It was thought, and reasonably, that that question should be submitted to the judge of the county court, where all matters pertaining to the assigned estate were to be disposed of; and, being a reasonable and proper agreement for the parties to make, it should be enforced by the courts. The as-

signee had a right, at any time after that agreement was made, to have the question presented to the county judge, and disposed of. He had no right, under this agreement, to proceed contrary to its terms, and file the transcript and issue the execution which was filed and issued. The defendant in that suit had interposed an answer: He claimed to have an offset to the entire claim of the assignee. The plaintiff had the title to the assigned property, and he was seeking a judgment against defendant. Plaintiff had authority, therefore, to contract with reference to the action which he had instituted, and to stipulate as to the manner in which the issues raised in that action should be disposed of. That contract can be enforced against him, because he made it, and because it was a contract which he was authorized to make, and which would be binding upon the estate. Johnston v. Wallis, 41 Hun, 420, affirmed in 112 N. Y. 230, 19 N. E. 653; Bostwick v. Beach, 103 N. Y. 414, 9 N. E. 41; Barry v. Lambert, 98 N. Y. 309; Wheeler v. Wheeler, 9 Cow. 34. It is no excuse for him to say that the county judge will not decide the question, which it was agreed should be presented to him, favorably to this appellant. With that decision respondent has nothing to do. He cannot agree to the submission of this question to the county judge, and then himself decide that question, and thus excuse himself from fulfilling his agreement, after taking advantage of the portion thereof beneficial to himself, and not restoring defendant to the same position he occupied before making the agreement. It is the duty of plaintiff to fulfill his contract, and await the decision of the tribunal to which he has stipulated the questions in controversy shall be submitted for decision. Furthermore, we entertain no doubt that, under the circumstances of the case as presented by the record here, this defendant had the right to offset, to the extent of the claim against him, the services rendered and disbursements made by him in the interest of and for the benefit of the assigned estate, provided the same were necessary and reasonable.

It appears to me that the decision in Davis v. Stover, 58 N. Y. 473, is decisive of this question. That action was brought by plaintiff, as receiver of the Ocean National Bank, of the city of New York, against the defendant, as indorser upon four promissory notes, which were part of the assets of the bank, and came into the hands of plaintiff as such receiver. The defendant set up as a counterclaim a claim for services rendered by him upon the employment by plaintiff as receiver for the benefit of the estate. Upon the trial, evidence was given in support of the counterclaim; but, upon motion of plaintiff's counsel, the same was stricken out, and defendant's counsel excepted. The court of appeals, in reversing the judgment, says:

"A receiver or trustee has the right to defray, out of the trust fund in his hands, expenses necessary for its protection; and, where a debtor to the estate is employed to perform necessary services for its benefit, we see no objection to the trustee or receiver applying, to the payment of the expense thus incurred, the demand which he, as receiver or trustee, had against the person employed. The same result could be accomplished by paying the party for his services, and immediately taking back the money

so paid in satisfaction of the debt due the estate. This would seem to be an idle ceremony. In either case the true point of inquiry would be the propriety and bona fides of the expenditure, and the reasonableness of the amount paid."

The order should be.reversed, with $10 costs and disbursements, and motion of defendant granted, with $10 costs, to be paid out of the assigned estate. All concur.